## LUNDIE v. SELLERS MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1923. Rehearing Denied June 14, 1923.)

### No. 3088.

**Patents ⬉328—986,698, for railway tie plate, not infringed.**

The Doster patent, No. 986,698, for railway tie plate, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by John Lundie against the Sellers Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed, and petition for rehearing denied.

Thomas Ewing, of New York City, and Geo. I. Haight, of Chicago, Ill., for appellant.

Otto R. Barnett, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. Appellant failed in his suit for alleged infringement of patent No. 986,698, March 14, 1911, to Doster for improvements in railway tie plates.

Concerning the alleged infringing tie plates, made and sold by appellee in 1917, the trial court made the following finding of fact:

"This plate differs in no respect, save size, from the hundreds of thousands of plates made and sold by defendant since 1900."

Inasmuch as the briefs and the oral presentation of the case, as well as our subsequent examination of the record, failed to convince us that the foregoing finding of fact is contrary to the truth, it is quite evident that the decree of dismissal must be affirmed, because the Doster patent could not reach back and render unlawful what the Sellers Company had been publicly using for 10 years prior to the Doster application.

The decree is affirmed.

### On Rehearing.

To remove any uncertainty respecting the ground of affirmance, we find that the alleged infringing tie plates are not within the patent because they are substantially the flat-bottomed plates that appellee had long been making and are not the concave-bottomed plates of the patent. We do not hold (and did not mean to be understood as holding) that the patent is void by reason of appellee's prior public use of its own plates.

Since there is no infringement, it is unnecessary (even if not strictly improper) in affirming the decree of dismissal of appellant's complaint of infringement to pass upon the question of validity. This suit is purely in personam. If there were a finding of invalidity in this suit, appellant would not be precluded from suing others. If appellant desires a contest on validity, let it bring in a defendant that

cannot escape except by overturning the patent. If appellee desires a finding of invalidity, let it appropriate the patented structure and run the risk of paying the substantial damages that are usually assessed against infringers of valid patents.

The petition for a rehearing is denied.